IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| OP FINANCIAL, LLC | § § | CASE NO. 14-33356-H1-11 |
| 7521 WESTVIEW, LP | § § | CASE NO. 14-33357-H4-11 |
| ENERBY, LLC | § § | CASE NO. 14-33358-H2-11 |
| DENSON AND TANG LAW FIRM | § § § | CASE NO. 14-33359-H1-11 |
| DEBTORS. | § § § § | (Chapter 11) Jointly Administered Under Case No. 14-33356-H1-11 Judge Marvin Isgur |

**EMERGENCY MOTION FOR JOINT ADMINISTRATION OF CASES**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**\*\* EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

OP Financial, LLC, LP ("OP Financial"), 7521 Westview, LP ("7521 Westview"), Enerby, LLC ("Enerby"), and Denson and Tang Law Firm ("D&T Law") (collectively "Debtors") file this Motion for Joint Administration (the "Motion") pursuant to 11 U.S.C. § 105(a), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of their respective chapter 11 cases.  The grounds for this Motion are as follows:

### Summary

1. *OP Financial* (Case No. 14-33356), *7521 Westview* (Case No. 14-33357), *Enerby* (Case No. 14-33358), and *D&T Law* (Case No. 14-33359) are affiliated entities with common ownership and management.  Enerby is the general partner of OP Financial and holds a 1% general partnership interest in OP Financial.  Tan M. Tang is owner and manager of the Debtors.

2. The Debtors have essentially the same liabilities and similar equity structure. It would be a waste of judicial resources to conduct separate hearings on separate motions that will seek almost identical relief by the companies, who are operated by the same principal, and who share the same liabilities.

### I.   Jurisdiction

3. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A) and (M).

### II.   Venue

4. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) & (2) because the Midtown Square's principal places of business has been located in this district for more than 180 days preceding the filing of these bankruptcy cases.

**III.     Factual Background**

5.     These Chapter 11 bankruptcy cases were each filed on June 15, 2014, (collectively "Petition Date"). The Debtors continue to operate their business and manage their property as a debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

6.     No trustee or examiner has been appointed in the Debtors' bankruptcy cases and no official committee of unsecured creditors has yet been established.

7.     These bankruptcy cases were filed primarily as a result of the significant costs and attendant issues related to the acrimonious litigation initiated against the Debtors, Tang and other related entities, resulting in the Debtors' inability to access funds needed for operations and defense costs.

**IV.     Relief Sought**

8.     The Debtors ask the Court to enter an order (i) granting joint administration of each of the captioned cases, (ii) directing that all motions and other docket entries be entered in the docket of case number 14-33356-H1-11 and (iii) directing that all hearings conducted in either bankruptcy case be conducted in case number 14-33356-H1-11.

9.     The Debtors shall file separate schedules and statements of financial affairs in each of their respective cases.

10.     The Debtors also desire that the Office of the U.S. Trustee be authorized to conduct joint 341 meetings.

11.     Separate claims registered should be maintained by the Clerk of the Court.

12.     At present, the Debtors plan to file a joint chapter 11 plan.

13.     The Debtors will file separate monthly operating reports.

## V. Grounds for Relief

14. Bankruptcy Rule 1015(b)(4) authorizes the joint administration of cases in which affiliates are debtors. These Debtors are affiliates as defined by 11 U.S.C. § 101(2).

15. Bankruptcy Rule 1015 also requires the Court to give due consideration to protecting creditors of different estates against potential conflicts of interest. The Debtors do not seek to substantively consolidate their estates. Joint administration alone will not create conflicts between estates.

16. The Debtors seek joint administration of their chapter 11 cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

### Prayer

WHEREFORE, the Debtors request that the Court authorizes the joint administration of the above-styled bankruptcy cases and grants such other relief as is just.

DATED:   June 15, 2014

Respectfully submitted,

HOOVER SLOVACEK LLP

By: */s/ Melissa A. Haselden*
MELISSA A. HASELDEN
State Bar No. 00794778
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: 713.977.8686
Facsimile:  713.977.5395
haselden@hooverslovacek.com

PROPOSED ATTORNEYS FOR DEBTORS

**OF COUNSEL:**
Hoover Slovacek LLP
EDWARD L. ROTHBERG
State Bar No. 17313990
ANNIE CATMULL
State Bar No. 00794932
T. JOSH JUDD
State Bar No. 24036866
DEIRDRE CAREY BROWN
State Bar No. 24049116
MAZELLE S. KRASOFF
State Bar No. 24078802
5847 San Felipe, Suite 2200
Houston, Texas 77057
Telephone: 713.977.8686
Facsimile:  713.977.5395